HARDY, Judge.
This is an action by plaintiff for personal injuries, etc., sustained when struck by an automobile driven by Bobbie Gaile Hale, minor daughter of K. B. Hale (now Mrs. Sims), and the defendants are named as Hale and his insurer, State Farm Mutual Automobile Insurance Company. From judgment in favor of defendants rejecting plaintiff’s demands, she has appealed.
The accident occurred between 6:00 and 6:30 p. m. on the night of December 9, 1961, on North Fourth Street in Monroe, Louisiana, between the intersections of Stubbs Avenue on the north and Hudson Lane on the south. Plaintiff was walking from her home, between these intersections, *424 across North Fourth Street to a 7-11 store for the purpose of making a purchase of a loaf of bread. Plaintiff was dressed in dark clothing and at the time of the accident it was dark and misting rain. She testified that she saw the car driven by Mrs. Sims and that she thought she had time to cross the street in safety.
The testimony of Mrs. Sims is that she was driving north on North Fourth Street at the time in question; that her headlights were on and she was moving at about fifteen miles per hour. Her attention was focussed on a taxicab that was backing out and then heading forward from the 7-11 store into North Fourth Street.
We think the evidence shows that plaintiff walked into the side of Mrs. Sims’ car. and there is no question as to her negligence.
Before this court counsel for plaintiff relies upon a motion to remand for the purpose of taking the testimony of a Mrs. Nahas, who was a passenger in the taxicab, which was set up in the motion for a new trial in the court below. We find no abuse of discretion on the part of the district judge in disallowing this motion, and, indeed, we find that the affidavit of Mrs. Nahas is based upon such speculation and conjecture as would make it unworthy of consideration.
Finally, counsel for plaintiff pleads the doctrine of last clear chance on the ground that plaintiff was in a position of peril of which she was unaware and from which she was unable to extricate herself; that defendant discovered, or was in a position to discover, plaintiff’s peril, and that at the time defendant could have avoided the accident by the exercise of reasonable care.
The facts do not support any of these elements. Plaintiff was in a position of peril by attempting to cross North Fourth Street in the face of oncoming traffic, but of this position and the dangers attached thereto she was fully aware. Defendant was focussing her attention upon the maneuver of a vehicle which was apparently attempting to proceed into her path of traffic and did not see, nor was she required to see, the movement of plaintiff between street intersections.
It follows that the defendant could not have avoided the accident, and, for this reason, the doctrine of last clear chance is inapplicable.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.